**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| DANIEL WAYNE HALE, Individually, and as Beneficiary and Trustee of the Hale Family Trust Dated 3/13/2019, and as Personal Representative of the Estate of Cecil Elmer Hale, | **CV-23-27-BU-BMM** |
| Plaintiff, | **ORDER** |
| v. | |
| FRANK L. HART and OPAL A. HART. Husband and Wife, and all unknown parties who may claim interest in the subject property and Does 1-100, | |
| Defendants. | |

**INTRODUCTION**

Defendants Frank L. Hart and Opal A. Hart (collectively "Hart") filed a motion to dismiss for failure to state a claim on August 8, 2023. (Doc. 20). Plaintiff Daniel Wayne Hale ("Hale") filed a pro se response to Hart's motion on August 19, 2023. (Doc. 24.) Hale filed an additional memorandum in support of his response to Hart's motion to dismiss for failure to state a claim on August 20, 2023. (Doc. 25). Documents 24 and 25 appear to be wholly identical. Hart filed a reply to Hale's response on August 30, 2023. (Doc. 28.) Hale subsequently filed a pro se

brief/memorandum on September 11, 2023. (Doc. 32.) Hart filed an objection to Hale's pro se brief/memorandum on September 12, 2023. (Doc. 33.)  Hale filed a motion for leave on September 12, 2023, praying that the Court allow leave and consider Hale's supplemental brief, document 32. (Doc. 35.) Hart opposes Hale's motion for leave. (Doc. 39.) The Court held a motion hearing on September 28, 2023, in Butte, Montana. (Doc. 22.)

## FACTUAL AND LEGAL BACKGROUND

At issue in this case is 30 acres of real property in Gallatin County, located at or about 1470 Trident Road, Three Forks, Montana, also described as:

> Township 2 North, Range 2 East, M.P.M., Gallatin County, Montana
> Section 16: S½SW¼ SW¼
> Section 17: The South 210 feet of the SE¼SE¼, as previously conveyed by Deed recorded in Book 64 of Deeds, page 269.

("Property"). The Property was previously at issue in *Frank L. Hart and Opal A. Hart v. George W. Hale et al.*, Cause No. DV-19-1105A in the Eighteenth Judicial District Court of Montana ("*Hart I*"). In *Hart I*, Frank and Opal Hart brought an action to quiet title to the Property, and George William Hale, individually and as a representative of the Estate of Cecil Elmer Hale, and as a co-trustee of the Hale Family Trust, brought a counterclaim for fraud. (Doc. 21-1.); (Doc. 21-3.); (Doc. 21-4.) The Montana state district court in *Hart I* granted Frank and Opal Hart's motion for summary judgment based on the finding that Frank and Opal Hart had acquired title to the Property via adverse possession. (Doc. 21-1 at 15.)

2

The Montana state district court also denied George W. Hale's counterclaim for fraud. (*Id.* at 9-10.) The Montana state district court ordered that Frank and Opal Hart receive sole and exclusive ownership of the Property. (*Id.* at 15.) The Montana state district court also ordered that the defendants in that case were to be "forever restrained and barred from in any manner asserting any claims whatsoever adverse to [Frank and Opal Hart] regarding possession of the Property, or in any manner interfering with [Frank and Opal Hart]'s use, occupation, control and possession of the Property." (*Id.*)

Hale alleges that George William Hale severed the water rights from the Property and reserved the water right for the Hale Family Trust in May 2018. (Doc. 1.) Hale alleges that Harts were allowed to occupy and use the Property as co-tenants. (*Id.* at 3.) Hale claims that there is no accurate water right information filed with the Montana Department of Natural Resources and Conservation. (*Id.* at 3.)

Hale filed this action on May 5, 2023. (*Id.*) Hale claims an interest in the Property for himself and as a trustee on behalf of other beneficiaries of the Hale Family Trust. (*Id.* at 3.) Hale cites to 28 U.S.C. § 2201 as providing authority to bring this action. (*Id.*) Hale also claims that Hart misrepresented that the Hale Family Trust maintains no interest in the Property. (*Id.* at 4.) Hale cites to no legal or statutory authority for the misrepresentation cause of action. (*See* Doc. 1.)

## LEGAL STANDARD

For the purposes of the Federal Rule of Civil Procedure 12(b)(6), a "claim" means a set of facts that, if established, entitled the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Rule 12(b)(6) dismissal is proper when the complaint either fails to allege a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must state a "facially plausible" claim for relief. *Twombly*, 550 U.S. at 555. On a motion to dismiss under Rule 12(b)(6) the court must "accept as true all factual allegations set out in the plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009) (internal quotations omitted). Federal courts are directed to construe "inartful pleading" by parties appearing pro se liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Courts generally cannot consider material outside of the complaint when assessing a Rule 12(b)(6) motion unless the court converts the Rule 12(b)(6) motion into a summary judgment motion. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). The court may augment the facts and inferences, however, from the body of the complaint with matters of public record. *Coto*

4

*Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Matters of public record include orders and other papers on file in another court action. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

## DISCUSSION

"Responses to motion to dismiss . . . must be filed within 21 days after the motion was entered in the docket." Loc. R. 7.1(d)(1)(B)(i). Local rules further provide that "[n]o further briefing is permitted without prior leave." Loc. R. 7.1(d)(1)(D). Hale filed a pro se brief/memorandum on September 11, 2023, after having filed a response to Hart's motion to dismiss for failure to state a claim on August 19 and August 20, 2023. (*See* Doc. 24); (Doc. 25); (Doc. 32.) Hale filed two responses to Hart's motion to dismiss for failure to state a claim, though those documents appear to be wholly duplicative. (*See* Doc. 24); (Doc. 25.) Hale only sought leave to file additional briefing on September 12, 2023, after having filed his pro se brief/memorandum the previous day. (Doc. 35.)

Hale breached the Court's rules with the second filing. The Court declines to consider Hale's supplemental brief in support to deny [*sic*] Hart's motion to dismiss. (Doc. 32.)

### A. Whether Res Judicata Bars Hale's Claims.

Hart argues that res judicata bars Hale from bringing his claims. (Doc. 21 at 8-9.) Hart notes that the Property was at issue in *Hart I*. (*Id.*) The Court properly

may consider *Hart I* as a matter of public record, including orders and papers on file in that action. *See Intri-Plex Technologies*, 488 F.3d at 1052.

Res judicata, or claim preclusion, bars a party in successive litigation from pursuing claims that were raised, or could have been raised, in the prior action. The party seeking to invoke claim preclusion bears the burden of establishing the elements. *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019). Section 1738 of Title 28 of the U.S. Code requires that federal courts "give the same preclusive effect to a state-court judgement as another court of that state would give." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Montana law holds that res judicata bars a claim where: "1) the parties or their privies are the same; (2) the capacities of the persons are the same in reference to the subject matter and to the issues; (3) the subject matter of the present and past actions is the same; (4) the issues are the same and relate to the same subject matter; and (5) a final judgment has been entered on the merits in the first action." *Poplar Elementary Sch. Dist. No. 9 v. Froid Elementary Sch. Dist. No. 65*, 471 P.3d 57, 67 (Mont. 2020).

The Court will consider individually each element of res judicata.

### i.    Whether the Parties or Their Privities are the Same.

The application of claim preclusion to a party that was not a party in the prior proceeding, otherwise known as nonparty preclusion, conflicts with the "deep-

rooted historic tradition that everyone should have his own day in court." *Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008). Privity represents an exception to the general rule against nonparty preclusion, however, that alleviates due process concerns. *Id.* at 893. Privity exists where "two parties are so closely aligned in interest that one is the virtual representative of the other . . .." *Denturist Ass'n of Montana v. State, Dep't of Lab. & Indus.*, 372 P.3d 466, 469 (Mont. 2020) (citing *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir.1993)).

It remains undisputed that Frank and Opal Hart are the same parties in *Hart I* and in this case. (Doc. 21 at 13.) Hale appeared in *Hart I*, and he stands in privity with the parties represented in *Hart I*. Hale filed a notice of appearance in *Hart I* on January 29, 2021. (Doc. 21-5.) Hale appeared pro se as a co-trustee of the Hale Family Trust. (*Id.* at 4.) Hale was a party to *Hart I*.

Hale's interests were represented in *Hart I*. George W. Hale represented the Estate of Cecil Elmer Hale and the interest of the Hale Family Trust in *Hart I*. (Doc. 21 at 11.) The Montana state district court provided for summons by publication, and the publication summons included notification for "heirs successors and devisees [*sic*]; and all other persons, unknown, claiming or who might claim any right, title, estate or interest in or lien or encumbrance upon the real property described in Plaintiffs' Complaint adverse to Plaintiffs' ownership or any cloud upon Plaintiff' [*sic*] title thereto, whether such claim or possible claim be present or

7

contingent." (Doc. 21-1 at 3.) Hale claimed an interest in a water right related to the Property. (Doc. 1.) As a result, Hale's claim falls within the "claim [of] any right, title, estate, or interest in" found in the summons by publication. (Doc. 21-1 at 3.) Hale had effective notice of *Hart I*, and the interest he seeks to represent were represented in *Hart I*. He stands in privity with those represented by George W. Hale.

### ii. The Capacities of the Parties in Reference to the Subject Matter and to the Issues.

The parties must maintain the same stance with respect to the underlying facts and issues. *First Bank, (N.A.) W. Montana Missoula v. Dist. Ct. for Fourth Jud. Dist.*, 737 P.2d 1132, 1135 (Mont. 1987). Frank and Opal Hart asserted a claim of quiet title and a claim of adverse possession of the Property in *Hart I*. (Doc. 21-1). Harts contend they now own the Property. (Doc. 21 at 14.)

Hale seeks declaratory relief to quiet title for the Property on the basis that he is a beneficiary of the Hale Family Trust, and that the Trust owns the Property. (Doc. 1.) Hale's claim echoes the counterclaims asserted in *Hart I*, as both sought to vindicate an ownership interest in the Property. Similarly, Hale's claim that Hart misrepresented the ownership status of the Property echoes the *Hart I* counterclaim for fraud against Frank and Opal Hart. (Doc. 21-4.) The parties have maintained the same stance with regard to the underlying facts and issues in *Hart I* and in this case. Both seek to claim ownership in the Property.

8

### iii.    Whether the Subject Matter of the Present and Past Actions is the Same.

When considering the subject matter of the past and present actions, courts look to the "basic factual underpinning[s]" and "whether the two cases arose from the same set of material facts." *Schweitzer v. City of Whitefish*, 383 P.3d 735, 739 (Mont. 2016). The claim in *Hart I* concerned a claim to quiet title and a claim of adverse possession of the Property. (Doc. 21-1); (Doc. 21-2.) The counterclaim sought to quiet title based on the allegation that Frank and Opal Hart had committed constructive fraud to obtain their ownership of the Property. (Doc. 21-4.)

The subject matter of this action similarly concerns the Property. Hale claims an interest in a water right on the Property. (Doc. 1 at 3.) Hale also claims that Hart misrepresented that the Hale Family Trust has no interest in the Property. (*Id.* at 4.) The Montana state district court in *Hart I* extensively detailed the ownership history of the Property, including the chain of title and the wild deed history. (*See* Doc. 21-2 at 7.) The Montana state district court also considered the 1958 deed, the deed allegedly stored in the family Bible and not recorded until 2018, upon which Hale rests his argument for water rights ownership. (*See id.*) The material facts in *Hart I* mirror the facts here.

### iv.    Whether the Issues are the Same and Relate to the Same Subject Matter.

The fourth element of res judicata considers whether the "contested material facts of the first case presented an opportunity to litigate the issue." *Ayala v. Stafford*, 2021 WL 3173266, at *5 (Mont., 2021) (citing *State ex rel. Harlem Irrigation Dist. v. Mont. Seventeenth Jud. Dist. Ct.*, 894 P.2d 943, 945 (Mont. 1995.)) "A party should not be able to litigate a matter that the party already had the opportunity to litigate; public policy dictates that there must be some end to litigation." *State ex rel. Harlem Irrigation Dist.,* 894 P.2d at 946.

Hale's claim under the theory of misrepresentation is substantially similar to the claim in *Hart I* for fraud, and could have been raised as a related issue or claim. Similarly, the parties actually raised and considered the 1958 deed in *Hart I*. (*See* Doc. 21-2 at 7.) Hale, having appeared in *Hart I* and having his interests represented in *Hart I* by George W. Hale, as representative of the Hale Family Trust, could have raised the issue of the 1958 deed severing the water rights from the Property. The contested material facts and the ownership of the Property presented an opportunity for Hale to bring his claims for misrepresentation and water right ownership.

### v.       Whether a Final Judgment has been Entered on the Merits

"To determine whether a final judgment on the merits has been reached, we look to see if the issue was actually litigated and adjudged as shown on the face of the judgment." *McDaniel v. State*, 208 P.3d 817, 828 (Mont. 2009) (citation omitted).

10

A final judgment was entered in *Hart I*. The Montana state district court in *Hart I* granted Frank and Opal Hart's motion for summary judgment on September 27, 2021. (Doc. 21-2.) The Montana state district court filed a corrected final judgment on October 2, 2022. (Doc. 21-1.) The corrected final judgment reads in pertinent part, "[Frank and Opal Hart] have sole and exclusive ownership of the Property . . . which is subject to this action . . . Defendants, and all persons claiming under them, have no right, title, estate, or interest in, or lien or encumbrance upon or against." The corrected final judgment demonstrates that the parties litigated the ownership of the Property and the Montana state district court adjudged the issue.

### B. Whether Hale Retains Standing to Assert His Claims.

In general, a plaintiff's claim must relate to the plaintiff's own legal rights and interests, rather than the legal rights or interests of third parties. *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12, 17-18 (2004) (abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). Hale claims an interest in the Property on behalf of himself. (*See* Doc. 1.) Hale admits that he does not individually retain an interest in the Property. Hale instead states that his father possesses an alleged interest. Hale does not indicate that he retains any individual legal entitlement to the Property outside his father's alleged interest. Hale does not indicate when or how the alleged Property interest will pass

11

from his father to him. Hale fails to substantiate any individual legal right or interest in the Property, and therefore lacks standing.

Hale also claims an interest in the Property as a beneficiary and trustee of the Hale Family Trust, and as a personal representative of the estate of Cecil Elmer Hale. (*See* Doc. 1.) "Any entity other than an individual, including but not limited to a corporation, an unincorporated association, a partnership, or a union, may appear only by an attorney." Loc. R. 83.8(b). "A non-attorney has no authority to appear as an attorney for others." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987).

Hale alleges that he is the only trustee-beneficiary of the Hale Family Trust. (Doc. 24 at 6.) Hale concedes that he is not an attorney licensed in any state. Hale has no authority to represent the Hale Family Trust. Even if Hale's claims were not barred by res judicata, Hale lacks standing to assert an interest in the Property on behalf of himself or on behalf of the Hale Family Trust.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Hart's Motion to Dismiss (Doc. 20) is **GRANTED.**

2. The Clerk shall enter judgment in favor of Hart.

   DATED this 11th day of October, 2023.

_____
Brian Morris, Chief District Judge
United States District Court